IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAMON RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CV. NO. SA-12-CV-905-DAE |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER: (1) DENYING PLAINTIFF'S MOTION FOR NEW TRIAL;
(2) DENYING DEFENDANT'S MOTION FOR SANCTIONS

On October 21, 2013, the Court heard the Motion for New Trial and for Rehearing (Dkt. # 30) brought by Plaintiff Ramon Rodriguez ("Plaintiff") and the Motion for Sanctions (Dkt. # 34) brought by Defendant Bank of America, N.A. ("Bank of America"). Nathan T. Anderson, Esq., appeared at the hearing on behalf of Bank of America; Kenneth E. Grubbs, Esq., and Christopher Deeves, Esq., appeared on behalf of Plaintiff. After reviewing the motions and the supporting and opposing memoranda, the Court **DENIES** Plaintiff's Motion for New Trial[1] and **DENIES** Bank of America's Motion for Sanctions.

---

[1] The Court notes that there was no trial in this case and thus there can be no "new trial" as requested.

1

BACKGROUND

On September 4, 2012, Plaintiff filed suit against Bank of America in the 131st Judicial District Court of Bexar County, Texas, seeking to enjoin the bank from foreclosing on real property located at 5118 Capistrano Street, San Antonio, Texas 78233.  (Dkt. # 1, Ex. A.)  A few weeks later, Bank of America removed the case to federal court.  (Id.)  Plaintiff eventually filed a First Amended Complaint, asserting claims for (1) quiet title, (2) violations of the Texas Uniform Commercial Code, (3) violations of Chapter 12 of the Texas Civil Practice and Remedies Code, (4) breach of contract, and (5) declaratory judgment.  (Dkt. # 11.)  Plaintiff's claims challenged the validity of the assignment of the Deed of Trust of Plaintiff's mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS") to Bank of America.  (See id.)

On November 6, 2012, Bank of America filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. # 16.)  On April 22, 2013, the Court held a hearing on Bank of America's Motion to Dismiss.  On April 25, 2013, the Court granted Bank of America's Motion to Dismiss.  (Dkt. # 29.)  The Court also denied Plaintiff's request for leave to file a proposed Second Amended Complaint on the ground that it failed to state a claim and, therefore, amendment would be futile.  (Id.)

On May 23, 2013, Plaintiff filed a Motion for New Trial and for Rehearing. (Dkt. # 30.) On May 30, 2013, Bank of America filed a Response in opposition to the motion. (Dkt. # 33.) Bank of America also filed a Motion for Sanctions, arguing that the Motion for New Trial "was filed in bad faith because it continues to accuse Defendant . . . of fraud, forgery and felonious conduct despite the fact that Plaintiff admitted [at the April 22, 2013 hearing] he has no evidence of any kind to support the accusations and filed the lawsuit for the sole purpose of enjoining foreclosure." (Dkt. # 34.) On June 11, 2013, Plaintiff filed a Response in opposition to Bank of America's Motion for Sanctions. (Dkt. # 40.) Several days later, Bank of America filed a Reply in support of its Motion for Sanctions. (Dkt. # 41.)

On October 17, 2013, Plaintiff filed an Advisory to the Court regarding recent Fifth Circuit case law. (Dkt. # 44.) Bank of America filed a Response to Plaintiff's advisory. (Dkt. # 45.)

DISCUSSION

I.  Plaintiff's Motion for New Trial and for Rehearing

A Rule 59(e)[2] motion "calls into question the correctness of a judgment." Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). A motion to alter or amend the judgment under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). Under Rule 59(e), there are three primary grounds for reconsideration: (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) manifest error of law or fact. See Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003).

In this case, Plaintiff argues that the Court's April 25, 2013 Order—which dismissed the First Amended Complaint for failure to state a claim—was in "clear error of law." (Dkt. # 30.) However, Plaintiff has not cited any <u>controlling</u> case law that conflicts with this Court's analysis. See Black's Law

---

[2] To the extent Plaintiff invokes Rule 59(a)(1)(B), that rule is inapplicable. Rule 59(a)(1)(B) specifies that <u>following a non-jury trial</u>, a motion for new trial may be advanced "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). A non-jury trial has not occurred in this case.

Dictionary (9th ed. 2009) (defining manifest error as "[a]n error that is plain and indisputable, and <u>that amounts to a complete disregard of the controlling law</u> or the credible evidence in the record") (emphasis added).  Instead, Plaintiff improperly uses his motion as a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment."  <u>Templet</u>, 367 F.3d at 478–79.

        Plaintiff's arguments in his Motion for New Trial are difficult to follow and, at times, appear to reference facts from a different case.  For example, Plaintiff asserts that "the Court relies on decisions in <u>Marsh</u>, <u>Kan</u>, and <u>Eskridge</u> as authority for arguing that the note and deed of trust are severable when it comes to foreclosure."  (Dkt. # 30.)  However, the Court's April 25, 2013 Order never referred to "<u>Kan</u>" or "<u>Eskridge</u>" and only once referenced <u>Marsh v. JPMorgan Chase Bank, N.A.</u>, 888 F. Supp. 2d 805 (W.D. Tex. 2012) to <u>disagree</u> with its construction of Texas Practice and Civil Remedies Code § 12.002.  (<u>See</u> Dkt. # 29 at 26–27.)  Plaintiff also contends that the Court improperly invoked the heightened pleading standard of Rule 9(b).  However, the Court never once referenced Rule 9(b) because it found Plaintiff did not have standing to challenge the assignment of the Deed of Trust and therefore did not reach the sufficiency of Plaintiff's allegations of fraud with respect to the assignment.  Of course, the

heightened pleading standard of Rule 9(b) does indeed apply to Plaintiff's allegations of fraud with respect to the mortgage assignment. This is true even though Plaintiff did not bring a cause of action for fraud. See Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104–05 (9th Cir. 2003) (holding that even where fraud is not an essential element of a claim, any "allegations ("averments") of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)").

Plaintiff argues that this Court improperly held that Plaintiff lacks standing to challenge the assignment of the Deed of Trust. In its April 25, 2013 Order, the Court explained that Plaintiff's allegations that Ms. Slee lacked authority to sign on behalf of MERS would render the assignment merely voidable—not void. (Dkt. # 29 at 15.) In Reinagel v. Deutsche Bank Nat'l Trust Co., 722 F.3d 700 (5th Cir. 2013),[3] the Fifth Circuit affirmed that, as a matter of Texas law, "a contract executed on behalf of a corporation by a person fraudulently

---

[3] The Fifth Circuit recently amended Reinagel to add a footnote. See No. 12–50569, --- F.3d ----, 2013 WL 5832812 (5th Cir. Oct. 29, 2013). Because the amended opinion does not yet contain page numbers, the Court cites to the original version of the opinion.

purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal." Id. at 706. Accordingly, the Court did not err in holding that Ms. Slee's alleged lack of authority, even if accepted as true, did not provide Plaintiff a basis to challenge the mortgage assignment.

Plaintiff also maintains that this Court erred in holding that Bank of America "does not have to be the holder of the note in order to enforce the deed of trust." (Dkt. # 30 at 3.) In Martins v. BAC Home Loans Servicing, L.P, 722 F.3d 249 (5th Cir. 2013), the Fifth Circuit recently held that, under the Texas Property Code, a non-judicial foreclosure may be carried out by a "mortgagee" or "mortgage servicer" (as defined by Texas Property Code § 51.0001) even if that entity does not possess the promissory note. See id. at 254–56; see also Kramer v. Fed. Nat'l Mortg. Ass'n, No. 12-51171, 2013 WL 5273224, at *1 (5th Cir. Sept. 19, 2013) ("The panel in Martins clearly held that the Texas Property Code allows a party who has been assigned the deed of trust by MERS to foreclose, regardless of whether that party also holds the underlying note."). Thus, this Court did not err in finding that Bank of America "need not hold the Note in order to foreclose; it need only have the right to foreclose under the Deed of Trust." (See Dkt. # 29 at 17–18.)

Moreover, as this Court previously explained at length, Plaintiff's arguments regarding the assignment of the Deed of Trust are unavailing because Bank of America became the "holder" of the Note by negotiation; it produced the original note, indorsed in blank, at the hearing. See Tex. Bus. & Com. Code § 3.205(b) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); Kiggundu v. Mortg. Elec. Registration Sys. Inc., 469 F. App'x 330, 331–32 (5th Cir. 2012) ("Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it."). As this Court already observed: "Plaintiff's allegation that [Bank of America] cannot foreclose under the Deed of Trust because it is not the holder of the Note fails because Plaintiff has not raised any challenge to the authenticity of the indorsement or [Bank of America's] possession of the Note." (Dkt. # 29 at 19.)

Moreover, "under Texas law, the mortgage follows the note." Kiggundu, 469 F. App'x at 332 (citing Lawson v. Gibbs, 591 S.W.2d 292, 294 (Tex. App. 1979)); see Tex. Bus. & Com. Code § 9.203(g); id. cmt. 9 ("Subsection (g) codifies the common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security

interest or lien."). Accordingly, even assuming arguendo that there were defects in the assignment of the Deed of Trust, Bank of America, as the "holder" of the Note, would have authority to foreclose on Plaintiff's property pursuant to the terms of the Deed of Trust.

To the extent Plaintiff contends that he would benefit from further discovery, this is not an argument regarding "manifest error of law or fact" and is not proper grounds for reconsideration. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007) (citation omitted). Because Plaintiff's First Amended Complaint provides him no avenue of relief, further discovery is not warranted.

Finally, insofar as Plaintiff raises new arguments pertaining to why he believes that he sufficiently stated a claim for breach of contract and for violations of Chapter 12 of the Texas Civil Practice and Remedies Code, they are improper in a motion for reconsideration and the Court declines to consider them. See Templet, 367 F.3d at 478–79. The Court remains convinced that it correctly decided Plaintiff's claims fail as a matter of law for the reasons given in its April 25, 2013 Order. The Court, therefore, denies Plaintiff's Motion for New Trial and for Rehearing.

II.     Bank of America's Motion for Sanctions

Bank of America moves for sanctions pursuant to the "Court's inherent authority" and 28 U.S.C. § 1927.  (Dkt. # 34.)  Bank of America argues that Plaintiff's counsel acted in bad faith by filing a motion for reconsideration after "admit[ting] on the record he had no reason to suspect that the assignment at issue was procured as a result of forgery or fraud." (Id. ¶ 8.)  It asserts that there can be no good faith basis for Plaintiff's counsel to continue pressing these claims and that his request to conduct discovery is a "transparent attempt to conduct a fishing expedition."  (Id.)

    A.     Legal Standard

The Court  has "inherent authority to impose sanctions 'in order to control the litigation before it.'"  Positive Software Solutions, Inc. v. New Century Mortg. Corp., 619 F.3d 458, 460 (5th Cir. 2005) (quoting NASCO, Inc. v. Calcasieu Television & Radio, Inc., 894 F.2d 696, 703 (5th Cir.1990), aff'd sub nom. Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).  Inherent power, however, "may be exercised only if essential to preserve the authority of the court . . . ."  Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 86 F.3d 464, 467 (5th Cir. 1996).  "In order to impose sanctions against an attorney under its inherent

power, a court must make a specific finding that the attorney acted in 'bad faith.'" Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995).

Additionally, pursuant to 28 U.S.C. § 1927, a court may "sanction an attorney (as distinguished from a party) who unnecessarily multiplies proceedings by requiring him to pay the costs of litigation." F.D.I.C. v. Calhoun, 34 F.3d 1291, 1296 (5th Cir. 1994). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Punishment under this statute is "sparingly applied," and sanctions may only be granted upon a detailed finding that the offending attorney's multiplication of the proceedings was both "unreasonable" and "vexatious." Calhoun, 34 F.3d at 1297. This requires that there be "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998). The Fifth Circuit has cautioned that § 1927 should be employed "only in instances evidencing a 'serious and standard disregard for the orderly process of justice.'" FDIC v. Conner, 20 F.3d 1376, 1384 (5th Cir. 1994) (quoting Dreiling v. Peugeot Motors of America, Inc., 768 F.2d 1159, 1165 (10th Cir. 1985)). Such a strict construction of § 1927 is

11

necessary "so that the legitimate zeal of an attorney in representing her client is not dampened." Id. (quoting Browning v. Kramer, 931 F.2d 340, 344 (5th Cir. 1991)).

B.  Application

Though a close call, the Court is unable to conclude that Plaintiff's counsel acted in "bad faith" or vexatiously multiplied the instant proceedings by filing the Motion for New Trial. Although Plaintiff's counsel conceded at the April 22, 2013 hearing[4] that he did not have a forensic handwriting examiner analyze the assignment of the Deed of Trust prior to filing suit, and that he did indeed file suit to stop foreclosure, he also stated that he relied on a "robosigning database" to support his allegations of fraud with respect to the assignment. Thus, Plaintiff's counsel did not go so far as to admit that he had no evidence to support his allegations of fraud.

Although Plaintiff's theories did not—and do not—state a claim for relief, this does not necessarily mean that Plaintiff's counsel acted in bad faith. At the time the Court rendered its decision and Plaintiff filed his motion for reconsideration, the Fifth Circuit had not yet issued a published opinion directly

---

[4] The instant case was heard in conjunction with two other mortgage cases brought by Plaintiff's counsel. Accordingly, the transcript filed as Docket Entry No. 28 in Scott v. Bank of America, N.A., 5:12-cv-00917-DAE, is relevant to the instant Motion for Sanctions.

addressing the legal issues raised in this case. As such, this Court cannot find that Plaintiff's counsel "knowingly or recklessly pursue[d] a frivolous claim" by filing a motion for reconsideration. See Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1242 (11th Cir. 2007). The Court, therefore, holds that there is insufficient evidence of bad faith in this case to warrant sanctions and denies Bank of America's Motion for Sanctions.

Nevertheless, the Court takes this opportunity to admonish Plaintiff's counsel that he cannot continue to prosecute lawsuits that levy charges of fraud and forgery in connection with a mortgage assignment predicated solely on alleged evidence from a "robosigning database." Without additional evidence of wrongdoing, such claims are frivolous given the Fifth Circuit's recent opinions in Reinagel and Martins. The continued filing of such complaints in direct contradiction of Fifth Circuit case law and the law of this Court would clearly be grounds for sanctions in the future.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for New Trial (Dkt. # 30) and **DENIES** Bank of America's Motion for Sanctions (Dkt. # 34).

IT IS SO ORDERED.

DATED: San Antonio, Texas, November 1, 2013.

_____
David Alan Ezra
Senior United States District Judge